UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ARNOLDO AYALA GUEVARA CAZAREZ, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> Respondent. ) <br> ) | Nos. 2:12-CR-12 <br> 2:15-CV-03 |

**MEMORANDUM OPINION AND ORDER**

Arnoldo Guevara Cazarez ("petitioner") is a federal prisoner due to his conviction and sentence in this Court for conspiring to distribute, and to possess with the intent to distribute, 500 or more grams of a substance containing a detectable amount of methamphetamine. He has filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct his sentence, [Doc. 99],[1] which he has amended, [Doc. 113]. The United States has responded in opposition to the motion, [Doc. 103], and petitioner has replied, [Doc. 112]. The United States has not been directed to respond to the amended motion and the Court finds a response unnecessary. For the reasons discussed in this memorandum, the motion is DENIED.

**GENERAL BACKGROUND**

Petitioner was charged in an indictment with conspiring to distribute and to possess with the intent to distribute 500 or more grams of a substance containing a detectable amount of methamphetamine (Count 1); possessing with the intent to distribute 500 or more grams of a substance containing a detectable amount of methamphetamine (Count 2); possessing a firearm in furtherance of the offenses charged in counts one and two (Count 3); being an illegal alien in

---

[1] All docket references refer to case No. 2:12-CR-12.

1

possession of a firearm (Count 4); being an illegal alien in possession of ammunition (Count 5); and with illegally reentering the United States after having been previously deported (Count 8).[2] Attorney Joseph McAfee was appointed to represent petitioner.[3]

Ultimately, petitioner entered into a written plea agreement with the United States[4] in which he agreed to plead guilty to Count One of the indictment, conspiring to distribute and to possess with the intent to distribute 500 or more grams of a substance containing a detectable amount of methamphetamine. The plea agreement recited that petitioner faced a sentence of a mandatory minimum of ten years' imprisonment up to a possible maximum of life, 21 U.S.C. §841(b)(1)(A). Petitioner also waived his right to appeal his conviction or sentence except for a sentence imposed above the greater of the mandatory minimum sentence or his guideline range, and he also waived his right to file a § 2255 motion except for claims of ineffective assistance of counsel or prosecutorial misconduct unknown to him at the time of entry of judgment. For its part, the United States agreed to dismiss the other counts against petitioner, and that it would not oppose a total reduction of three levels of his Offense Level.

The Presentence Report established petitioner's Offense Level at 36, which included a three-level enhancement under USSG § 3B1.1(b) for exercising a managerial or supervisory role in the conspiracy.[5] Petitioner filed an objection to that enhancement, which the court overruled after a hearing.[6] His guideline range was 210 to 262 months.[7] After finding, over petitioner's objections, that petitioner acted in a managerial or supervisory role in the conspiracy, the Court sentenced petitioner to 235 months' imprisonment, precisely within the middle of his guideline

---

[2] Doc. 12.
[3] Doc. 4.
[4] Plea Agreement, Doc. 33.
[5] Presentence Report, ¶40.
[6] Transcript of sentencing hearing, Doc. 89 at.27.
[7] Presentence Report, ¶69.

2

range.

Petitioner appealed to the Sixth Circuit Court of Appeals, arguing that his sentence was improperly enhanced based on what he maintains was this Court's erroneous finding that he exercised a supervisory role in the conspiracy. Although noting that petitioner waived his right to a direct appeal, the court of appeals reviewed the record and determined that this court "properly found that [petitioner] was a manager or supervisor of the conspiracy within the meaning of [United States Sentencing Guideline] §3B1.1(b)." [8] That Court affirmed the judgment and sentence of this Court, finding that plaintiff's guilty plea was valid, and that his sentence was procedurally and substantively reasonable.[9]

**PETITIONER'S MOTION**

In petitioner's first, or original, motion and accompanying memorandum, [Docs. 99 and 100], he makes two claims, both of which accuse trial counsel of providing unconstitutionally ineffective assistance. First, he says that his attorney told him that he confronted at most a sentence of between 10 and 15 years, and that the prosecutor would not seek an enhancement based on petitioner's supervisory role. Petitioner claims that based on these representations, he elected to plead guilty. Second, petitioner claims that he pleaded guilty only because he was misled by his lawyer's assurances that his sentence would not be enhanced, and therefore his guilty plea was not knowing and voluntary.

In his amended motion, [Doc. 107], petitioner argues that trial counsel was unconstitutionally ineffective for failing to object because his Offense Level was improperly based on a weight of actual methamphetamine rather than upon a mixture which contained methamphetamine.

---

[8] Opinion, Doc. 94, at 3.
[9] Order, Doc. 52.

**LEGAL STANDARD**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." O'Malley, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson,* 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). See also *United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-

4

Case 2:12-cr-00012-JRG   Document 128   Filed 02/16/17   Page 4 of 12   PageID #: 598

constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under §2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

When a § 2255 Petitioner claims he was denied his sixth amendment right to effective assistance of counsel, it is noted that an attorney is presumed to have provided effective assistance, and the Petitioner bears the burden of showing that the attorney did not, *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). Petitioner must prove that specific acts or omissions by his attorney were deficient and that the attorney failed to provide "reasonably effective assistance," *Strickland v. Washington*, 466 U.S. 668, 687 (1987), which is measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). If Petitioner crosses this evidentiary hurdle, he must then show "a reasonable probability that, but for [the attorney's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. In other words, he must show that he was prejudiced by the attorney's deficient representation:

> To succeed on an ineffective assistance claim, a defendant must show that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). [A court's] review of counsel's performance is "highly deferential." Id. at 689, 104 S.Ct. 2052. [The court must] "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690, 104 S.Ct. 2052. The defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. To establish "prejudice," a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of

5

> the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. ——, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011). And, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

*Docherty v. United States*, 536 Fed. Appx. 547, 551 (6th. Cir. 2013).

**ANALYSIS**

    **A.**    **Petitioner's original motion**

Both claims presented by petitioner in his original motion have the same premise—that his attorney erroneously assured him that his Offense Level would not be increased on the basis that he exercised a supervisory role in the conspiracy.

In the plea agreement, petitioner acknowledged that he confronted a sentence of at least 10 years in prison up to a possible maximum of life, and that the court could impose a sentence of any length within that statutory range. During the change of plea hearing, the court explained to petitioner that his sentence could be determined in part by facts outside the plea agreement; that he could be sentenced to as much as life in prison; that his sentence would be based upon information contained in the Presentence Report; that the court could impose a sentence above his Guideline range, including up to a life sentence; that any estimate of his Guideline range made by his attorney was just that, an estimate, and the court would not be bound by that estimate. Petitioner consistently told the court that he understood everything that the court told him.[10]

The unreported case of *Cadavid-Yepes v. United States*, 635 Fed. Appx. 291 (6th Cir. 2016) has facts remarkably similar to those now before this court. In *Cadavid-Yepes*, the petitioner claimed that his attorney led him to believe that he was pleading guilty in order to

---

[10] Transcript of change of plea hearing, Doc. 88.

6

receive a sentence of time served, yet the sentence ultimately imposed was 97 months' imprisonment. The court of appeals held that even if it was assumed that his lawyer gave him incorrect information as claimed by the petitioner, he suffered no prejudice because the misinformation was corrected by the district judge during the plea colloquy. The court pointed out that Cadavid-Yepes was told during the plea colloquy that the court would determine the correct guideline range, and that "other factors" would also be taken into account in deciding the appropriate sentence. "Because his proper plea colloquy cured any misrepresentation that [his attorney] may have provided, Cadavid cannot establish prejudice." 635 Fed. App'x. at 300.

What is described in the *Cadavid* case is precisely what occurred during petitioner's change of plea hearing before this court. Even if it be assumed that trial counsel incorrectly advised petitioner that there would be no enhancement to his offense level, the discussion between the court and petitioner during the change of plea hearing disabused him of any false impression he may have had as a result of his attorney's representations.

This is especially true where, as here, petitioner's current claims constitute bald assertions in contradiction of his own sworn testimony in open Court.[11] While "no procedural device for the taking of a guilty plea is so perfect in design and exercise as to warrant a *per se* rule rendering it 'uniformly invulnerable to subsequent challenges,'" *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)), "representations of the [petitioner] . . . constitute a formidable barrier in any subsequent collateral proceeding," *id*.at 74. "Solemn declarations in open court carry a strong presumption of verity," and justify summary dismissal of any challenges based on conclusory assertions or contentions incredible on the face of the record." *Id*. Thus, petitioner's motion, with its contradictory assertions, are insufficient to

---

[11] Petitioner seems to acknowledge his contradictory sworn testimony, but argues that he should not be "bound by his own admissions during the plea hearing" because to do so "is contrary to the fundamentals and principles of fair and equal justice under the law." [Doc. 112 at 2].

7

overcome the presumed veracity of his solemn statements during the Rule 11 colloquy. Compare *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (finding the defendant bound by statements he made in response to the court's plea colloquy), and *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (finding the petitioner bound to plea colloquy responses despite some evidence that contradicted statements made therein) with *Blackledge*, 431 U.S. at 74 (finding summary dismissal inappropriate where the petitioner provided specific, detailed terms of the alleged broken promise.).

### B. Petitioner's amendment to his motion

This amendment raises a claim that is barred by the limitation period of 28 U.S.C. § 2255(f):

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;…

28 U.S.C. § 2255(f)(1). A conviction becomes "final [for purposes of §2255(f)] at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001).

The opinion and order of the court of appeals was filed on January 9, 2014. No petition for certiorari was filed. When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed. *Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Thus, petitioner's conviction became final on April 10, 2014. Petitioner filed his §2255 motion on January 2, 2015, which of course was within one year of finality. However, he filed his motion to amend on July 20, 2015, over fifteen months after the conviction became final. It is barred unless the claim asserted in it "relates back" under Rule

8

15(c)(1)(B) of the Federal Rules of Civil Procedure to a claim raised in the original motion. It clearly does not. [12]

Every claim raised by petitioner of course involves ineffective assistance of counsel. After all, ineffective assistance of counsel and prosecutorial misconduct are the only claims he could raise in light of his plea agreement. But "ineffective representation" is not some vast umbrella under which various claims can be raised *ad infinitum*. For any additional claim of ineffective representation raised in an amendment to relate back to an original claim of ineffective representation, the specific act of ineffective representation in the amendment must have some connection in "time and type" to a specific act of ineffective representation alleged in the original motion, *Mayle v. Felix*, 545 U.S. 644, 656-7 (2005). If it were otherwise, §2255(f) is all but meaningless:

> The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). If we were to craft such a rule, it would mean that amendments to a § 2255 motion would almost invariably be allowed even after the statute of limitations had expired, because most § 2255 claims arise from a criminal defendant's underlying conviction and sentence. Such a broad view of "relation back" would undermine the limitations period set by Congress in the AEDPA. *See Duffus*, 174 F.3d at 337 (granting an untimely and unrelated amendment "would have frustrated the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final").

*United States v. Pittman,* 209 F.3d 314, 318 (4th Cir.2000)

In *United States v. Craycraft*, 167 F.3d. 451 (8th Cir. 1999), the § 2255 petitioner claimed in his original motion, which was filed within the limitation period, that his attorney was ineffective for failing to move for a downward departure; for failing to object to the

---

[12] The fact that the court granted petitioner's motion to amend of course did not constitute a finding that the claim raised in it was timely asserted.

characterization of the methamphetamine; and for failing to challenge his prior state convictions. In his amended motion, which was filed beyond the one-year limitation period, he claimed that his lawyer failed to file an appeal after being told to do so. The Eighth Circuit held that the amendment did not relate back to the original filing and was barred:

> Craycraft's original complaint alleged deficiencies of representation distinctly separate from the deficiency alleged in his amendments. Failing to file an appeal is a separate occurrence in both time and type from a failure to pursue a downward departure or failure to object to the type of drugs at issue. We cannot say that his original petition would provide notice of such a different sort of theory. Therefore, the amendment cannot relate back under Rule 15(c) and it must be time barred. It follows that the District Court lacked jurisdiction under the statute to hear this claim, and so we must affirm the court's dismissal of this claim, though on different grounds.

167 F.3d. at 457.

Here, petitioner's claims of ineffective assistance in the original motion are premised on what he characterizes as an unexpected and improper enhancement of his sentence based on his leadership role in the conspiracy, whereas the claim of ineffective assistance in the amendment concerns what petitioner says was an improper increase in his offense level based on the percentage of actual methamphetamine in the substance he conspired to distribute. The only thing the latter claim has in common with the former is that both involved his sentence, and that is not enough to support a finding that the amendment relates back. *Craycraft*, *supra*. Lastly, petitioner has presented no fact or circumstance that would allow this court to consider the amended claim on its merits under the doctrine of equitable tolling. Petitioner's claim in his amendment is time-barred and therefore is DENIED on that basis.

Even if the Court were to reach the merits of the claim however, it fails because petitioner misapprehends the manner in which his base offense level was calculated. As he notes, the

offense involved both "ice" with a purity of at least 80%, see USSG § 2D1.1(c), Drug Quantity Table, note (c), (2010) and a "mixture and substance" with a purity of less than 80%. Because the offense involved both, the probation officer, consistent with § 2D1.1, converted each of the drugs to its marijuana equivalent. *See* USSG § 2D1.1, com. n. 10(B) (2010) bring the Drug Equivalency Table, 1334.4 grams (the net weight of the first three bags) of methamphetamine converted to 2,648.8 kilograms of marijuana. The fourth package containing 441.8 grams of ice converted to 8,836 kilograms of marijuana, for a total of 11,484.80 kilograms of marijuana. (PSR at ¶ 32). Section 2D1.1 provides that an offense involving at least 10,000 kilograms but less than 30,000 kilograms of marijuana has a base offense level of 36. (PSR at ¶ 37). The probation officer correctly determined the base offense level, not by reference to the guideline for "actual" methamphetamine but rather by converting the quantities to an equivalent amount of marijuana. There was no error in the calculation of the range.

**CONCLUSION**

For the reasons discussed above, the Court holds that petitioner's sentencing was not in violation of the Constitution or laws of the United States and his motion, [Doc. 99, as amended by Doc. 107], to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v.*

*McDaniel,* 529 U.S. 473, 120 S. Ct. 1595 (2000). Id.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

A separate judgment will enter.

ENTER:

 s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
